PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

J. SWEET RAIN SHEEHY and
CASEY J. LITTLE FAWN SHEEHY,
by and through ROBERT J. LITTLE TREE II and
SANDRA K. STRAIGHT TOUNGUE SHEEHY and
SHERRY J. RAGING THUNDER SHEEHY,
by and through ROBERT J. LITTLE TREE II and
SAND ROBERT J. LITTLE TREE II SHEEHY and
SANDRA K. STRAIGHT TONGUE SHEEHY and
PATRICK J. LITTLE TREE III SHEEHY and
BOBBI J. RUNNING BROOK SHEEHY and
BILLIE RA K. STRAIGHT TONGUE SHEEHY,

          Petitioners,

    -v-

NATIONAL APPEALS DIVISION and
FARM SERVICE AGENCY, and
UNITED STATES DEPARTMENT OF AGRICULTURE,
and HONORABLE MIKE JOHANNS, Secretary of Agriculture,

          Respondents.

**DECISION AND ORDER**
06-CV-0066A

---

On November 15, 2006, the United States Court of Appeals for the Second Circuit issued an Order transferring, upon respondents' motion, the instant Petition for Review of a final decision by the National Appeals Division to this Court, pursuant to 7 U.S.C. § 6999, which provides that jurisdiction for review of a final determination of the National Appeals Division ("NAD") rests exclusively in the district courts. (Docket No. 15, Attachment #12). Petitioners seek review of a

final determination of the Director of the National Appeals Division which denied petitioner's request to reverse a decision of a NAD Hearing Officer that upheld a determination of the Farm Services Agency ("FSA") to accelerate FSA loans because petitioners were delinquent on their loan payments to the FSA and to deny primary loan servicing because petitioners did not develop a feasible home and farm plan.

Upon transfer to this Court, the Court, *inter alia*, granted petitioners Robert J. Little Tree II's and Sandra K. Straight Toungue Sheehy's ("parents") applications to proceed *in forma pauperis,* directed the remaining petitioners who were not minors or infants to file their own applications to proceed *in forma pauperis*, advised the parents that they could not act *pro se* on behalf of their minor or infant children, and directed service of the petition for review on respondents. (Docket No. 16).[1]

Petitioners have now submitted an "Expedited Ex Parte Motion for Immediate Injunction Against Respondents and for Sealing of all Documents Pertaining to Petitioner's Expedited Ex Parte Motion for Immediate Injunction" seeking an injunction enjoining respondents from interfering with their "business contacts" regarding their efforts to sell their real estate and farm property, and

---

[1] On March 10, 2006, petitioners filed a motion for a preliminary injunction for a stay of acceleration and foreclosure (Docket No. 21), and applications to proceed *in forma pauperis* (Docket Nos. 17-20) of the children who are not minors or infants and, therefore, can represent themselves *pro se*. A determination of the IFP applications and a scheduling order regarding the motion for a preliminary injunction is now pending.

2

from conducting video surveillance of petitioners' business associates and other persons who visit their home and farm. Petitioners assert that an employee of the FSA has contacted and threatened businesses, including real estate and auction companies, that are working with them regarding the sale of their real estate and farm property. They also assert that the FSA has only a "second mortgage" interest in their real estate and does not have any interest whatsoever in many items they are seeking to liquidate.

With regards to the petitioners' motion to seal their motion for a preliminary injunction and any and all papers that are filed in relation to it, all they have essentially stated in support of their request to seal is that sealing is appropriate "as the safety and privacy of all parties referred to in this request must be protected" and that sealing is justified to prevent physical harm and further economic harm. The Court presumes petitioners are referring to the two business contacts the FSA has allegedly contacted in relation to petitioners' attempts to sell their real estate and farm property. All the petitioners have alleged in support of these conclusory statements is that an employee of the FSA has contacted and "threatened" their business contacts.

The Court finds that petitioners have not provided the Court with sufficient evidence or reason why the motion for a preliminary injunction should be sealed and accordingly their request to seal the motion for an "Expedited Ex Parte

Motion for Immediate Injunction Against Respondents and for Sealing of all Documents Pertaining to Petitioner's Expedited Ex Parte Motion for Immediate Injunction," and all documents filed in relation to said Motion is **DENIED**.

Pursuant to Rule 5.4 of the Court's Local Rules of Civil Procedure, the Clerk shall contact the petitioners and notify them of the denial of their request to seal their motion. Petitioners are advised that they now have five (5) business days to from the date of notice of the denial of their sealing request to withdraw the documents submitted or otherwise appeal the decision not to seal the motion and accompanying memorandum of law and affirmation. "If the [petitioners] fail[] to withdraw the documents or otherwise appeal after the expiration of five business days, the documents shall be filed by the Clerk and made part of the public record." Local Rules of Civil Procedure, 5.4(b).

If petitioners do not withdraw the motion or appeal from the denial of their request to seal the motion, they must immediately serve respondents with the motion and accompanying documents by mailing a copy of said motion and documents to the respondents' attorney of record who appeared on behalf of the respondents in the Second Circuit and the United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202, and file a certificate of service with the Clerk of the Court certifying that said service has

been made. See Fed.R.Civ.P. 5(a)-(b). The motion for a preliminary injunction will not be scheduled or considered until petitioners file a certificate of service.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:   March 22, 2006