UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BILLIE J. SWEET RAIN SHEEHY, et al.,

                Petitioners,

                                            **Hon. Hugh B. Scott**

                v.                                          06CV66A

                                                         **Order**

MIKE JOHANNS, et al.,

                Respondents.

Before the Court is petitioners' motion for appointment of legal representative for Casey J. Little Fawn Sheehy and Sherry J. Raging Thunder Sheehy, infants, pursuant to Fed. R. Civ. P. 17 (Docket No. 20). Also pending are petitioners' motions for injunctive relief (Docket Nos. 21, 24) to stay the acceleration and the foreclosure of their farm loans, and respondents' motion for summary judgment upon the administrative record (Docket No. 35), with some briefing already filed on these motions. This case was referred to the undersigned under 28 U.S.C. § 636 on June 7, 2006 (Docket No. 46).

The infants Casey and Sherry were named in the initial Petition before the United States Court of Appeals for the Second Circuit (Docket No. 1) before this matter was transferred to this Court (see Docket No. 15). On the motion to appoint legal representatives for the minors, respondents filed a response (Docket No. 43) indicating that they did not object to appointing representation for these minors (id. at 1), dropping earlier objections to the standing of the children of petitioners Robert Sheehy and Sandra Sheehy in this proceeding.

As a result, petitioners' motion (Docket No. 20) is **granted**; petitioner Sandra K. Straight Tongue Sheehy is appointed representative for infants Casey J. Little Fawn Sheehy and Sherry J. Raging Thunder Sheehy in this case.  But in this Circuit, parents of an infant party, even as their designated representative, cannot proceed as their attorney and act pro se on behalf of the infants, Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 201 (2d Cir. 2002); Cheung v. Youth Orchestra Found., 906 F.2d 59, 61 (2d Cir. 1990); see also Prigden v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("Appearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity").  "The court has a duty to enforce the Cheung rule sua sponte, for 'the infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him,'" Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (per curiam) (quoting, without internal quotations or citation, Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)).  Therefore, petitioners must obtain counsel for the infants they represent and must provide that counsel before the status conference in this matter.

That conference will occur on **Tuesday, June 27, 2006, 3 pm**, before the undersigned, at 414 United States Courthouse, Buffalo, New York.  To be discussed at that conference is the

briefing of responding or reply papers for the remaining pending motions. A scheduling conference, if necessary, will be held following disposition of these pending motions.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
June 8, 2006