UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BILLLIE J. SWEET RAIN SHEEHY, et al.,

                Petitioners,

                                                    **Hon. Hugh B. Scott**

                v.

                                                    06CV66A

                                                      **Report**
                                                         **&**
MIKE JOHANNS, Secretary of Agriculture,     **Recommendation**
et al.,

                Respondents.
_____

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 46). The instant matter before the Court is the question of the legal representation for two infant petitioners in this action, Casey J. Little Fawn Sheehy and Sherry J. Raging Thunder Sheehy (collectively the "infant petitioners"). Casey Sheehy was born in 1989 (or almost 17 years old as of the date of this Report & Recommendation) and Sherry Sheehy was born in 1992 (or presently 14 years old) (Docket No. 20, Pet. for Appointment of Legal Representative ¶¶ 3, 2, Ex. A). Previously, petitioners (proceeding pro se) moved to have a legal guardian appointed for the infant petitioners (Docket No. 20). The Court appointed Sandra Straight Tongue Sheehy ("Sheehy") legal guardian for the infant petitioners but required Sheehy to retain legal counsel for the infant petitioners (Docket No. 47).

At a status conference on June 27, 2006, Sheehy indicated that she had contacted attorneys, but no attorney would take the case. She was awaiting word from Volunteer Lawyers Project. The Court scheduled another status conference for August 1, 2006, for a further update on the legal representation issue, holding in abeyance briefing schedules for various pending motions (Docket No. 54). On July 14, 2006, chambers received a copy of a letter from Volunteer Lawyers Project to Sheehy declining to represent them in this action[1]. During the August 1 status conference, Sheehy reported that she could not find counsel and that she was still looking. The Court set another status conference for August 25, 2006, to report on any progress in finding counsel (Docket No. 55). At that August 25 conference, Sheehy again reported that she could not obtain legal counsel for the infant petitioners, providing to the Court the list of attorneys contacted (in Hornell, Buffalo, Rochester, Elmira, Jamestown, Andover, and Washington, DC). The Court ordered respondents to report by September 6, 2006, their position on dismissal of the infant petitioners' claims without prejudice; if petitioners found counsel they were to inform the Court and respondents as soon as possible (Docket No. 60). On September 5, 2006, counsel for respondents wrote to chambers and indicated that respondents would consent to dismissal without prejudice of the infant petitioners' claims (letter of Assistant U.S. Attorney Mary Roach to Chambers, Sept. 5, 2006). To date, petitioners have not reported that they have found legal counsel for the infant petitioners.

---

[1] The reasons stated were because petitioners did not reside in Erie County (the geographic scope of Volunteer Lawyers Project) and that the agency was not accepting civil rights cases. Letter of July 10, 2006, from Volunteer Lawyers Project to Sandra Sheehy, received by the Court Clerk, July 14, 2006.

Meanwhile, various motions (petitioners' motion to enjoin or stay respondents' foreclosure activities, Docket Nos. 21, 24, and respondents' essentially cross-motion for summary judgment, Docket No. 35) are pending, with partial briefing schedules for some of the motions (Docket Nos. 22, 31) and some responses already filed for these motions (e.g., Docket Nos. 40, 42, 51-53; see also Docket Nos. 49 (petitioners' motion for extension of time), 50 (denying as premature motion)).  The Court delayed formalizing a unified briefing schedule for these related motions until after resolution of the infants' representation.

## DISCUSSION

I.   Attorney for Infant Petitioners

A legal guardian needs to retain attorney for infant petitioners or apply for Court appointment, Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (per curiam); Cheung v. Youth Orchestra Found., 906 F.2d 59, 61 (2d Cir. 1990).  A guardian cannot appear pro se on behalf of her infant charge.  If the guardian fails to retain legal counsel or does not apply to the Court for such an appointment, the Court should dismiss the infant's claims without prejudice, Cheung, supra, 906 F.2d at 62 (facts of case did not cry out for appointment of counsel); Wenger, supra, 146 F.3d at 125 (IDEA case, parent and child each had claims, if no attorney could be retained and court deems not to appoint counsel, infant's claim should be dismissed without prejudice, citing Cheung).  Without resolution of the counsel issue, the case will not go forward, Wenger, supra, 146 F.3d at 125.

Here, the infant petitioners have claims through ownership of particular cattle used to secure loans, possibly having government farm loans that are being foreclosed in this action (although the loan documents involve the parent petitioners only).  The record on this point has

not been developed fully. Earlier, respondent Secretary of Agriculture moved in the Second Circuit to dismiss the claims of the infant petitioners, but then dropped that argument (see Docket No. 43). Respondents now consent to dismissal of the infant petitioners without prejudice.

At issue in this case is the foreclosure of certain farm loans taken out by petitioners. Respondents move for summary judgment to enforce the foreclosure and petitioners previously moved to enjoin or stay that proceeding. To move this case forward, the claims of the infant petitioners should be dismissed, without prejudice to their revival either if they obtain legal counsel or upon their achieving the age of majority.

II.     Briefing Schedule for Pending Motions

For judicial efficiency, the briefing schedule for the pending motions before the Court is being considered in this Report & Recommendation rather than by a separate Order.

Responses to the respective motions (or completing responses already submitted) shall be due on or before **November 15, 2006**. A reply, if any, to these motions shall be due on or before **January 3, 2007**, and the motions will be deemed submitted (without oral argument) as of **January 3, 2007**, unless otherwise determined by the Court.

## CONCLUSION

Based upon the above, it is recommended that the claims of the infant petitioners in this action (see Docket No. 47) be **dismissed without prejudice** pending either retaining legal counsel to represent them or their achieving the age of majority. The pending motions will have responses finalized by **November 15, 2006**, any replies submitted by **January 3, 2007**, and the motions will be deemed submitted as of that latter date.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 12, 2006